ORIGINAL

FILED IN CHAMBERS
U.S.D.C. Atlanta

MAY 0 4 2010

JAMES N. HATTEN, Clerk
By: L. Wade-Childs
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA :
:  CRIMINAL ACTION
v. :
:  NO. 1:10-CR-
BRADLEY LOREN KAM, :
MATTHEW EVERETT GOULD, :  **1:10-CR-194**
ADRIAN OCTAVIO MENDOZA, :
   a/k/a ANGEL, and :
TRUNG Q. LE :

THE GRAND JURY CHARGES THAT:

## COUNT ONE

Beginning on a date unknown to the Grand Jury, but at least as of 2005, and continuing until at least on or about December 6, 2009, in the Northern District of Georgia and elsewhere, the defendants, BRADLEY LOREN KAM; MATTHEW EVERETT GOULD; ADRIAN OCTAVIO MENDOZA, aka "ANGEL;" and TRUNG Q. LE knowingly combined, conspired, confederated, agreed, and had a tacit understanding with each other and with other persons known and unknown to the Grand Jury, to violate Title 21, United States Code Section 841(a)(1), that is, to possess with the intent to distribute a controlled substance, that is, marijuana, a Schedule I controlled substance, said conspiracy involving at least 1,000 kilograms of a mixture and substance containing a detectable amount of marijuana, in violation

of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(A)(vii), and 846, and Title 18, United States Code, Section 2.

## FORFEITURE PROVISION

1. As a result of committing the controlled substance offenses alleged in this Indictment, defendants, BRADLEY LOREN KAM; MATTHEW EVERETT GOULD; ADRIAN OCTAVIO MENDOZA, aka "ANGEL;" and TRUNG Q. LE shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit or to facilitate the commission of a violation alleged in this Indictment.

2. If, as a result of any act or omission of the defendants, any property subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

A _____ True _____ BILL

_____
FOREPERSON

SALLY QUILLIAN YATES
UNITED STATES ATTORNEY

JENNY R. TURNER
ASSISTANT U.S. ATTORNEY
Georgia Bar No. 719439
600 U.S. Courthouse
75 Spring St., S.W.
Atlanta, GA  30303
404/581-6084 (voice)
404/581-6171 (facsimile)